14 F.3d 593
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Michael Wayne BRETZ, Plaintiff-Appellant,
v.
W.D. BLANKENSHIP; N.A. Peak, Sergeant; Frank Connors,
Sheriff; Max Campbell, Major; Ronnie Scott,
Jailer; Jack Talberg, Jailer,
Defendants-Appellees.
 No. 92-7010.
 United States Court of Appeals, Fourth Circuit.
 December 9, 1993.
 
 Michael Wayne Bretz, Appellant Pro Se.
 Mark Ralph Davis, Office of the Attorney General of Virginia; William Fain Rutherford, Jr., Elizabeth Kay Dillon, Phillip Parker, Woods, Rogers & Hazlegrove, for Appellees.
 W.D.Va.
 AFFIRMED.
 Before HALL and NIEMEYER, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Michael Wayne Bretz filed two 42 U.S.C. Sec. 1983 (1988) complaints against officials at Pulaski County Jail and Bland Correctional Institution claiming that while incarcerated as a pre-trial detainee he was deprived of treatment for his medical needs.[1] After a hearing, the district court dismissed Bretz's claims. We affirm.
 
 
 2
 Bretz asserted that he was denied a proper diet for his heart condition, that he was denied exercise and showers, and that he did not always receive his medication. To succeed in a claim of deliberate indifference to medical needs, Bretz must show that Defendants acted with actual intent or reckless disregard of a substantial risk of danger that is either known or should be known to a reasonable person in their position. Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir.1990). The record reveals that at both institutions Bretz was permitted to walk around for exercise, and that a low sodium, low cholesterol diet, as prescribed by the Virginia Department of Corrections, was provided to Bretz. Additionally, he was permitted to shower regularly, and at Bland was able to give himself a sponge bath whenever he wanted. Bland officials also housed Bretz in the infirmary with daily access to doctors and nurses. There is no evidence that Bretz ever requested medical care and was denied assistance--either medication or a hospital visit. Hence, we find no deliberate indifference on the part of the Defendants.
 
 
 3
 Therefore, we affirm the district court's order dismissing the complaints.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The district court consolidated the two actions because they involved the same claims
 
 
 [2]
 We also deny Bretz's motions for appointment of counsel, a hearing in banc, and for production of a transcript